Bell v. University of the State of New York, 25-366. And I understand, Attorney Fuller, you're up first. Yes, sir. Thank you, Your Honor. And you'd like to reserve two minutes for rebuttal? Yes, sir, if I may. And let me just say this also, it may depend a little bit on the case, but because we do have a rather full case, I'm going to ask all counsel to keep an eye on the clock. We're going to try to move things along rather efficiently. So, Mr. Fuller, whenever you're ready. All right. Thank you very much. Good morning, and may it please the Court. Ms. Bell pursues this appeal because she maintains that state instrumentalities and state actors do not have immunity under either the 11th Amendment or general sovereign immunity from a declaratory judgment action under CPLR 3001 for violating her constitutional rights under either the federal constitution or the New York constitution. And therefore, when the district court dismissed her declaratory judgment action, which is the eighth cause of action in her complaint, and the fourth cause of action, seeking injunctive relief, prospective injunctive relief, when the district court dismissed these claims on immunity grounds, we contend that that was error. Further, Ms. Bell contends that she has sufficiently alleged that there are identifiable, substantively similar comparators to support her equal protection constitutional claims, and that when the district court dismissed, again, her eighth cause of action, seeking a declaratory judgment, and the fourth cause of action, seeking injunctive relief, that the district court erred in dismissing those claims on those 12B6 grounds as well. So let me start with the immunity question. I'm sorry. So you're pressing forward on your declaratory judgment request for relief? Yes. And the federal cause of action. But you had eight or nine even causes of action, defamation, negligent infliction of emotional distress, all the others you're abandoning. Yes. Those were abandoned at the district court level, and we maintain that. Okay. Just want to make sure. Yes, ma'am. And so with respect to the university as a stated instrumentality, it claims Eleventh Amendment immunity, and we contend that the state waived their Eleventh Amendment immunity when they themselves invoked federal authority by removing this case from state court and bringing it into federal court. In other words, in the Lapides case, the Supreme Court case that we cite, the principle is that a state can't essentially forum shop to set up a straw man argument that it has Eleventh Amendment immunity simply by bringing the case into federal court. Yes. So why don't you talk about the idea of general sovereign immunity. How does that work? All right. So in this case, the state is arguing that it has general sovereign immunity from a declaratory judgment action under CPLR 3001. But they don't cite any authority to suggest that it enjoys that kind of immunity. Indeed, it would be inaccurate to say that a state instrumentality or state actors could, with impunity, violate a person's constitutional rights under the federal constitution or the state constitution. Let me ask you this. My understanding is that one of the arguments on the other side is something along these lines, that there's no indication that the state has consented to suit in the court of claims, its court of claims, for 1983 suits. Would you respond to that argument? I would say that with respect to the 1983 action, I won't challenge that view. But we are pursuing a claim under CPLR 3001, a declaratory judgment action. And there, again, the state is essentially arguing that it should be immune from any inquiry of its actions on constitutional grounds, immune from a declaratory judgment that it is violating a person's constitutional rights. That can't be so. And the state doesn't cite any case that suggests that that's so. And while it is true that with respect to the 1983 claim that, well, there are two things. With the 1983 claim, the courts have found that the court of claims is not the proper place to pursue that particular claim. But no court in New York has said that a state has sovereign immunity from a declaratory judgment action under CPLR 3001. No court has said that. And the state has not cited any authority to support that proposition. So where the district court dismissed to the extent it did dismiss the declaratory judgment action on immunity grounds, general immunity grounds, we contend that that was error. Now, it is not entirely clear from the district court's decision whether it was dismissing the eighth cause of action, the declaratory judgment action, on immunity grounds. It's not clear that they were doing that, that the district court was doing that. But we contend that in any event there would be no sovereign immunity. So with respect to the state actors, by that I mean Chancellor Young and Commissioner Rosa, that for them the state does not even argue there's 11th Amendment immunity with respect to those state actors and argues instead the general sovereign immunity, and then argues additionally that a claim was not properly stated in the complaint. But here, in this situation where Ms. Bell was the victim of a confluence of circumstances, where on one evening in February of 2022 she was a supervising nurse of several nurses at a time when things were going crazy. Just so I understand, what would be the practical result if you were to win and get only, only a declaratory judgment? What would be the con, no injunction, no damages, what would be the consequence? Well, if she gets the, if she can pursue her claim for declaratory action that there was, that she was. Assume she gets the declaration. Let's assume we say you can and let's assume she gets it. I'm trying to understand, what's the practical consequence, knowing that she can't get damages or injunctive relief? What does she get? She would be able to get the relief she's seeking, which is to stop the disciplinary action in the state court that she believes is violating her constitutional rights under the federal and state constitution. Isn't she really making. I don't understand why a declaratory judgment would open that door to her. I'm sorry? I don't understand how a declaratory judgment could get her the relief you just mentioned. So, if she's able to obtain a declaratory judgment that the state was violating her constitutional rights by discriminating against her, selectively enforcing the law against her, then she would be able to obtain the relief that she seeks, which is not to be prosecuted, not to be disciplined for conduct that she says. I'm sorry, is there a separate lawsuit going on that you're saying that she would be able to take that and get issue preclusion? I'm not arguing issue preclusion. No, are you saying that there's some other lawsuit she'd be able to walk in with the declaratory judgment to some other judge in another case and say, see, because. No, she's seeking that in this case. Right, so I guess that's my question, because my hypothetical, maybe I wasn't clear, is that she only gets declaratory relief. She cannot, in my hypothetical, get injunctive relief. That means she cannot have a court here say, thou shalt not do and fill in your sentence. So my hypothetical was you get declaratory relief, no injunctive relief whatsoever, and you get no damages relief whatsoever. So my hypothetical is that. Maybe I wasn't clear. So then let me just make clear, what does she get out of this? I'm not sure. If that were to pertain, I see the court's point. So does the answer nothing? Well, but she's saying that. What does she get then in my hypothetical? If she gets a declaratory judgment that the state is violating her constitutional rights. And a court order saying I have no power to interfere with that. So then the next thing she does is she is able to say, well, then you can't pursue this disciplinary action against me. If you are violating my constitutional rights, having now been declared to have done so, then the state can't possibly continue to violate those rights. But because it's enjoined? I'm sorry? Because it's enjoined, is that what you're telling us? Well, that's the relief that she's asking for. She's asking for. Now, you're saying that a declaratory relief in terms of the facts we're dealing with is tantamount to, is coterminous with injunctive relief. I don't say coterminous because you would still have to show that you can get the injunction. True. But she's asked for that. She's asked not only for the declaratory judgment, but she's also asked for the injunction. I'm also having some difficulty understanding the basic theory. I understood you to be saying that the Caleda Health, the private defendants, subjected her to selective treatment for impermissible reasons. But I don't understand why it would follow that the state defendants did the same because they have a statutory obligation to act on complaints that are received. So the kind of constitutional claim that you're making seems to be with selective enforcement. That applies to Caleda. The state has this obligation that it has to fulfill as a statutory matter anyway. So can you help me explain why there's any constitutional underpinning to your claim that you're seeking a declaratory judgment action, a declaratory judgment on? Thank you, Your Honor. So with respect to that, Ms. Bell would be able to claim even in that disciplinary proceeding that she is subject to discriminant that the actual prosecution of this claim against her was a selective enforcement. But the state has an obligation to act on complaints received, right? That's true. And so how is the state acting unconstitutionally by acting on a complaint that it received? Because if they're doing so by selectively enforcing the- But it's not doing a selective enforcement. It's Caleda who chose to make a recommendation or to file a complaint as to her and not as to other of its staff. I'm having difficulty understanding what the state has done that is selective in your view. I would liken it to a criminal prosecution where the state is prosecuting a person for violating the criminal statutes. And the defendant says in the course of that prosecution, I am being subjected to selective enforcement of this particular law. But once again, the state has a statutory obligation to act on complaints that it received. That's unlike in a selective criminal prosecution. There's discretion that's exercised in determining whether to bring criminal charges. Here I don't see the enforcement agency as having anything other than an obligation, a straightforward obligation to act on complaints received. Well, we don't contend that the state can't act on it. We're saying that, but if you are trying to enforce against her for violation of the licensing standards, that she has an ability to defend and say, wait a minute, you are- Has the state denied her an opportunity to defend? Has the state denied her an opportunity to defend? Yes. Well, we're- They haven't taken any disciplinary action, right? Well, they started it. Yes, they have. But they haven't taken any disciplinary action. They have not taken it yet. They have not taken it yet. Okay, thank you. Okay, why don't we let's hear from your opposing counsel. And we'll be back to you, Mr. Fuller. Don't go away. Two more minutes. All right. Why don't we hear from counsel for the affilee. And unfortunately, I can't quite read your name, sir. Last name is Hitsous. First name, Jonathan. Mr. Hitsous, whenever you're ready. Thank you, Your Honors. At the outset, I'm not entirely sure why Bell so vigorously pursues immunity when she had two bona fide claims against state defendants sued in their official capacity that went to merits analysis, were rejected on a merits analysis. If she were to succeed on immunity, it just adds a state agency as one of the defendants for those same claims. It doesn't make it any more meritorious. Nevertheless, the immunity rulings that Bell challenges here amount to housekeeping. Bell filed what is in essence a federal civil rights action. The entirety of the allegations against the state defendants are that they are supposedly violating Bell's rights guaranteed under federal law. With those kinds of claims, it is hornbook law. You sue officials. They could be personal capacity, official capacity, but you don't sue the state. That's always been the case. And we understand there can be waivers. Bell is saying that there was a waiver by virtue of our removal to federal court. But under this court's opinion in Beaulieu, which elaborated on the PDs, the question is, did we waive immunity in the state court? Would we have immunity if the case had never been removed? If that's the case, then we don't have the kind of procedural gamesmanship that troubled the Supreme Court in the PDs. And here, the district court correctly answered that question in the affirmative. For starters, sovereign immunity is the starting point. It is jealously guarded. There is sovereign immunity unless there is an express waiver. And we do not have any express waiver by virtue of legislative enactment or otherwise. That's why we cite to the Court of Claims Act. On the contrary, New York's Court of Appeals, that's New York's highest court, has all but adopted the federal model for 1983 civil rights actions. So our courts of general jurisdiction, that's state supreme court, they can hear 1983 actions, but in the same manner as the district court. You sue an official, either in their personal capacity or official capacity. You cannot sue the state. Now, Bell is claiming that there is a declaratory judgment action. That's problematic for a couple of reasons. The first is that Bell never asked for any kind of severance below in the district court. The second is that to say I'm only pursuing the declaratory judgment action. Bell was clear she was suing all of the state dependents for all of the same relief, namely a declaration, an injunction, and damages. That was the posture in the district court. Yeah, but they're saying that they deserve the declaratory relief. No, certainly not, Your Honor. That's what he just said. So Bell seems to be saying now on appeal that she has abandoned all claims except for that seeking declaratory relief. The issue there is under state law, this wouldn't be a pure declaratory judgment action anyways. This complaint, you look at it for the substance. The allegations are that these defendants are violating her rights under federal law. Yeah, but you can ask for three things. I mean, let's say under state law, a plaintiff is entitled to damages, an injunction, and declaratory relief. The plaintiff is the master of its own complaint and can say, well, I only want damages. Let them keep violating my rights for all I care. Right?  Same thing here. They could say now, well, I think I'm entitled to damages, an injunction, and declaratory relief, but the only thing I'm asking you for at this point is declaratory relief. They can do that, right? They could do that. But why can't they here? You can't say because they're not asking for damages, they can't also ask for declaratory relief. Why are they not entitled to the form that they are asking for now? Because the premise of their claim is a violation of their rights under federal law. Now, there is a case that they cited in their brief called Bowen that they say supports that proposition, but Bowen actually draws a distinction between affirmative or coercive declaratory relief and something that would not be. So, for instance, the kind of declaratory judgments that go forward are typically those, I own a piece of property and I want a declaration that it's mine or that it's not mine, and that would relieve me of any kind of obligation. A declaration that something doesn't qualify as taxable under a state statute, and then I just don't have to pay the tax. But Bell has made it crystal clear when arguing before you that she believes that getting this declaration is some kind of gateway to something more coercive. Well, maybe she's right, maybe she's wrong. Let's assume she's wrong. It's not a gateway to anything. Sure, Your Honor. Why wouldn't she still be entitled to it? So if you're saying that one can ask for declaratory relief, that never leads to an injunction, what if we agreed with you? I mean, isn't there a world where hypothetically we say, okay, she's entitled to a declaratory judgment, but she can't turn it into an injunction? Not in state court, Your Honor, and the question is what would happen in state court. If she had proceeded in state court, all things equal, all the same allegations, but just said, I want a declaration that you're violating my federal rights, the courts have routinely converted such actions into what would be Article 78 proceedings. They'd say you're trying to attack agency action and they would summarily dismiss it for being unexhausted or they would treat it as a backdoor federal civil rights action and say the same thing that the district court said. Maybe you can sue Rosa and Young in their official capacity, but you can't sue the state. Well, what about this argument? I guess I don't understand which argument you're making or have made. I thought one of the arguments you were making is they can't raise 1983. That is the cause of action, and there's no waiver of sovereign immunity whereby the state has consented to be sued based on that cause of action in state court, and that 3001 was just a mode of relief that they had generally consented to for stuff, for things, but that you had to actually, as a state, waive sovereign immunity as to a particular form of action, and it hadn't done so for 1983 in its own courts. Is 3001 sort of a standalone cause of action? No, 3001 isn't a cause of action at all. It's simply authorization for a form of relief. The cause of action is the claim that you violated my rights under the Equal Protection Clause, and we would treat that as a federal civil rights action had that been filed in state court. So in your view, obviously New York state could pass a law that says we waive our sovereign immunity in the court of claims for 1983 suits, right? Correct. We could, but we haven't. And how do you fit 3001 into that where New York has passed a law saying, but we're good with declaratory judgments where there is, I think the language is something like a justiciable controversy? That there's no express waiver of sovereign immunity. You would need an express waiver of sovereign immunity for these particular types of claims, and we just don't have that here. The presumption, the default, is that there's sovereign immunity unless stated otherwise. If I could add something, Your Honor, if I'm understanding, Bell, to be abandoning everything except for a claim under CPLR 3001, we ultimately wind up getting to the same place because now there's no federal claims in this action anyways for removal. So the most that would happen is that this would be remanded to state court under 1367, and the state court would summarily dismiss it. I thought, though, that paragraph 126 of the complaint is one of those catch-all paragraphs that realleges every paragraph that has preceded it in the complaint, and that includes all the allegations of 1983. I guess I had understood the eighth cause of action as just setting forth a particular mode of relief for 1983 action, but maybe I'm wrong. No, we would understand it the same way, and I might be being inarticulate in the way that I'm arguing it, but we've always understood. When I'm saying we look at the substance of the allegations, the substance of the complaint, as alleged against the state defendants, it's all throughout a violation of our rights under federal law. For those violations of the rights, they're seeking various forms of relief, but because, substantively, they are alleging a violation of rights under federal law, that would be treated as a 1983 action and subject to all the same immunities to which the state would be, whether it's federal court or the district court. If I could briefly, Your Honor, just remark upon the merits, because the district court didn't get to the merits.  There is no equal protection claim under Selective Enforcement or Class of 1, regardless of who the defendant is. With Selective Enforcement, you need an improper motive. The one alleged was the internal protest, the collider. There's no indication that we ever knew about those. With respect to Class of 1, it gets even more exacting. You have to say there's no rational basis. Here, the complaint itself volunteers rational basis. The most obvious one is that Bell is the subject of a complaint of misconduct. The other nurses are not, and that is important, because under our state education law, that's how we get involved in the first place. Now, if one were to assume that maybe in the course of our investigation, we could, in theory, acquire information about the other nurses, there's nothing in the complaint that would suggest that this happened or that it should have happened. In fact, there are more volunteered distinctions, namely that Bell is a supervisor and that she refused to administer medication. In contrast to that, we have nothing but silence about these other nurses. What were their responsibilities? What's the source of those responsibilities? That's important because we're not an arm of COLLIDA. We are enforcing the rules of professional responsibility. And finally, there's nothing about whether they performed them. So it's obvious that Bell has an ongoing dispute with COLLIDA. We are essentially collateral damage in that dispute. Regardless of how COLLIDA treated her, the only thing that we're doing here is looking into the complaint, as was our statutory obligation. We found enough of a foundation that we said we should initiate charges. Those charges have not terminated one way or another. Bell can still vigorously litigate her rights in that proceeding, including alleging that she's being discriminated against. That's the proper topic of a hearing. Okay. Thank you. Thank you, Mr. Sous. Mr. Fuller, you have reserved two minutes for rebuttal, and we're going to keep that pretty tight. Yes, sir. I would just point out that the focus of the state's argument has been on the federal Constitution. I want to be clear that Ms. Bell is also pursuing her constitutional rights under the New York Constitution. So here we have a she filed in state court. She didn't file in federal court. She filed in state court on a state statute, 3001, alleging not only the federal claims, she certainly did, but she also pursued claims for violation of her constitutional rights under the New York Constitution. And the state still has not articulated any theory upon which it could have immunity from such an examination. Secondly, with respect to this heightened scrutiny on the substance, the 12B6 substance, the state essentially is arguing that there's some sort of heightened pleading standard with respect to identifying either similarities among comparators or to support her selective enforcement claim. Here she has identified the circumstances. These nurses were all present. Only one was complained against. The state does an investigation. The state knows about all these other people. And to the extent that Ms. Bell would be responsible, so would these other nurses. But the state does not pursue against those other nurses, even though it knows there were other nurses who allegedly did not give this medication on that evening. Now, the state says that there are differences among these comparators. But those differences are differences to be decided by a fact finder, not on the pleading stage. And so we would submit that substantively that that claim still should survive. And we ask that the court would reverse the decision below. Thank you very much, Mr. Fuller. Thanks to both counsel for the very helpful arguments. We will take the case under advisement.